UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: **00 11883 PB**

| | |
|---|---|
| ANJALI FORBER-PRATT, by her guardians and best friends ROSALIND FORBER and LARRY PRATT,<br>    Plaintiffs<br><br>v.<br><br>NATICK PUBLIC SCHOOL DISTRICT, TOWN OF NATICK, BARRY PARKER, Principal of Natick High School in his official capacity, JEROME GOLDBERG, SUPERINTENDENT OF SCHOOLS OF THE TOWN OF NATICK in his official capacity and DOES 1-100,<br>    Defendants | |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS: THE AMERICANS WITH DISABILITIES ACT OF 1990: SECTION 504 OF THE REHABILITATION ACT OF 1973; 42 U.S.C. §1983; MASSACHUSETTS GENERAL LAW c.93, §103, and ARTICLE CXIV of the MASSACHUSETTS CONSTITUTION; NEGLIGENCE; DECLARATORY RELIEF AND DAMAGES**

**JURY TRIAL DEMANDED**

Respectfully submitted,

David G. Hanson, Esquire
William J. Hunt, Esquire
Henry W. Clark, Esquire
Michael B. Newman, Esquire
Clark, Hunt & Embry
17 Monsignor O'Brien Highway
Cambridge, MA 02141
Tel. (617) 723-5705

DOCKETED



I.  **INTRODUCTION**

Plaintiff, through her guardians and parents files this complaint against defendants and alleges herein that:

1. This case arises out of the defendants' failure to provide Plaintiff and other persons with disabilities the minimum legally required access to programs and facilities owned, operated, controlled and/or maintained at Natick High School ("the School") by the Natick Public School District ("Natick"), a governmental and public entity.  Because of the Defendants' knowing and historic failure to adequately evaluate and modify its policies and procedures relative to people with disabilities, to complete a transition plan for the removal of architectural barriers, and to in fact remove multiple architectural barriers, plaintiff and other people with disabilities have been denied equal access to educational opportunities at the School (including academic, social and cultural opportunities) and have been damaged in pursuing their education.

2. The School has for years contained pervasive and serious architectural barriers that deny full and equal access to the Plaintiff and other students and persons who have physical disabilities.  These include inaccessible classrooms, inaccessible building wings, inaccessible bathrooms, inaccessible ramps and paths of travel, an inaccessible library, non-complying hardware and a lack of signage. Some of these barriers constitute safety hazards to persons who use wheelchairs for mobility such as the Plaintiff.

3. The School and Natick has for years maintained policies and procedures which segregate people with disabilities by denying them equal access to basic school activities and educational opportunities.

4. The Defendants have known for nearly twenty (20) years that they are required by federal law to address their unequal policies, practice and facilities in the form of a self-evaluation plan and a transition plan. Through the self-evaluation and transition plans, Defendants were required to identify all accommodations, programs, services, facilities and activities which deny equal access to persons with disabilities. Defendants were required to consult with interested persons (including persons with disabilities and organization representing persons with disabilities) and make the changes necessary to eliminate the effects of any discrimination that resulted from unequal policies and practices and inaccessible facilities.

5. Defendants have known for nearly seventeen (17) years that they were required by Section 504 of the Rehabilitation Act of 1973 (§504) to have implemented all structural changes necessary to ensure full and equal program access in the facilities owned, operated, controlled and/or maintained by Natick, including the School.

6. Defendants have known that they were again required under the Americans with Disabilities Act of 1990 (ADA) to implement such structural changes by January 26, 1995.

7. Defendants have failed to meet any of these federal requirements, failed to develop adequate plans and have denied equal access to persons with physical disabilities, including the Plaintiff.

8. Defendants have denied equal access to Plaintiff and others with physical disabilities based solely on their disability in that defendants have knowingly and intentionally refused to comply with the requirements of federal and state laws regarding access to public facilities, programs, services and activities.

## II. JURISDICTION

9. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1343 (a)(3) and 1343 (a)(4) for claims arising out of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101, et seq., for claims arising under §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq.

10. Under the Doctrine of Supplemental Jurisdiction, 28 U.S.C. §1367, this court has jurisdiction over the plaintiff's claims arising under Massachusetts State Law.

11. This court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## III. VENUE

12. Pursuant to 28 U.S.C. §1391(b) venue is proper in the district in which this complaint is filed, which is the judicial district which the claim has arisen, the Plaintiff resides and the Defendants operate the public entity.

## IV. PARTIES

13. Plaintiff, Anjali Forber-Pratt, is a person with a physical disability who uses a wheelchair for mobility. She is currently a student attending Natick High School.

14. This suit is brought by Anjali Forber-Pratt and by her guardians and parents, Rosalind Forber and Larry Pratt.

15. Defendant Natick is a local government entity within the meaning of Title II of the ADA and a recipient of federal financial assistance within the meaning of §504 of the Rehabilitation Act, and has at least fifty (50) employees.

16. Defendant Barry Parker is the principal of Natick High School and is sued in his official capacity as principal.

17. Defendant Jerome Goldberg is the superintendent of schools of the Natick Public School District which operates Natick High School and is sued in his official capacity as superintendent of schools.

18. Defendants DOES 1-100 are administrators and employees of defendant Natick who have been responsible in some capacity for the access barriers and discriminatory policies and practices alleged herein, or are necessary parties for obtaining appropriate relief.

19. Reference to "Defendants" unless otherwise specified shall be deemed to refer to all defendants and each of them. The Plaintiff is informed and believes, and therefore alleges, that in carrying out each of these acts alleged in the Complaint, each of the defendants acted as the agent for the other defendants.

20. Defendant, and each of them, have known that the Natick Public School District including particularly the Natick School facility and programs violate applicable access requirements and standards, but have refused to rectify the violations. Defendant's violations have been knowing and intentional.

## V.  **FACTUAL ALLEGATIONS**

21. Section 504 of the Rehabilitation Act of 1973 and 34 C.F.R. §104.6 required Defendants to have completed by May 9, 1981, a self-evaluation of its current policies and practices and the effects thereof that do not or may not meet the

disability access requirements of Section 504. Defendants were also to have completed the necessary modifications and taken the necessary remedial steps to eliminate the effects of any discrimination that resulted from adherence to such policies and practices. Defendants have not, upon information and belief, completed an adequate self-evaluation, nor have they completed the necessary modifications and remedial steps necessary to remove the architectural barriers which discriminate against individuals with disabilities at the School.

22. Title II of the ADA and 28 C.F.R. §35.105 again required the Defendants to have completed by January 26, 1993 the self-evaluation, necessary modifications and remedial steps necessary to bring Natick High School into compliance concerning access for persons with disabilities. Defendants have not, upon information and belief, completed an adequate self-evaluation, or made the necessary modifications or taken the necessary remedial steps.

23. Section 504 of the Rehabilitation Act of 1973 and 34 C.F.R. §104.23 (e) required Defendants to have completed by November 9, 1980 a transition plan setting forth the steps necessary to complete all structural changes to facilities which were necessary to meet the requirements of Section 504. Defendants, upon information and belief, have failed to adequately develop such a transition plan.

24. Title II of the ADA and 28 C.F.R. §35.150 again required Defendants to develop a transition plan by July 26, 1992. Defendant, upon information and belief, again failed to adequately develop a transition plan.

25. Section 504 of the Rehabilitation Act of 1973 and 34 C.F.R. §104.23(d) required Defendants to have completed by May 9, 1983 all structural changes in facilities which were necessary to achieve full program access for, and eliminate

the effects of discrimination against, people with disabilities. Defendants have failed to make these changes.

26. Title II of the ADA and 28 C.F.R. §35.150(c) again required Defendants to have completed by January 26, 1995, all structural changes in facilities which were necessary to achieve full program access for, and eliminate the effects of discrimination against people with disabilities. Defendants failed to make these changes.

27. Defendants' failure to adequately complete its self-evaluation and failure to adequately develop a transition plan which fully meet the requirements of Section 504 and the ADA has denied, and continues to deny Plaintiff, and other persons with disabilities, their rightful opportunity for equal access to the School.

28. Defendants have known for nearly two decades of their duties and obligations under Section 504 of the Rehabilitation Act and Title II of the ADA. Despite this knowledge, defendants have arbitrarily and intentionally refused to adequately comply with the self evaluation and transition plan requirements of these civil rights laws.

29. Defendants have known of their duties and obligations under Section 504 of the Rehabilitation Act and Title II of the ADA obligations to complete the necessary and required structural changes to the School. Defendants have arbitrarily and intentionally refused to complete the necessary and required structural changes to the School by the May 7, 1981 Section 504 deadline or the January 26, 1995 ADA deadline. Indeed, Defendants have engaged in construction since 1981 which has been out of compliance with the requirements of Section 504 and the ADA.

30. Defendants' failure to adequately meet all their Section 504 and ADA obligations including, inter alia, to complete an adequate self-evaluation, to develop an adequate transition plan for modification of existing facilities, and to have fully implemented all structural modifications, has denied, and continues to deny, Plaintiff access to defendants' facilities, programs, services and activities that are otherwise available to persons without disabilities.

31. Defendants have engaged in conduct and acts of omission that subject Plaintiff and other people with disabilities to discrimination solely on the basis of their disability. Defendants directly participated or acquiesced in conduct or acts of omission described in this complaint. Defendants' discrimination against Plaintiff and other people with disabilities solely on the basis of their disabilities has been arbitrary, knowing and intentional.

32. Plaintiff has been a student in the Natick Public School District her entire educational career beginning with kindergarten. She has completed two years of high school in the School. Last year, she participated in the disability ski program at Waterville Valley in New Hampshire, and for part of the school year attended the Waterville Valley Academy.

33. Defendants have known for at least ten years of the Plaintiff's disabilities including the fact that she is a person with a mobility disability who uses a wheelchair.

34. Plaintiff has been denied access because of multiple and pervasive architectural barriers in the School including but not limited to: an inaccessible school library, an inaccessible chemistry lab, an inaccessible cooking class, inaccessible restrooms, inaccessible drinking fountains, inaccessible ramps, inaccessible entrances and a lack of signage.

35. As a means of addressing, however inadequately, the architectural barriers that prevent the Plaintiff from reaching certain physical areas of the School, Defendants have cobbled together a system of having school employees, often janitors of the school, physically wheel the Plaintiff up and down the inaccessible and dangerous ramps in order for her to attend certain activities and certain classes. Often, these individuals are nowhere to be found at the time that the Plaintiff needs to attend class thereby forcing the Plaintiff necessarily to be late for class, to miss class and to have her schedule and her classes unnecessarily disrupted.

36. As a result of the need to move classes to accommodate the Plaintiff, teachers and school employees have expressed dissatisfaction with the demands which the Plaintiff's disabilities have created for them and have expressed such dissatisfaction to the Plaintiff in front of other students in class and in the School. Plaintiff has been demeaned and harmed by such retaliatory accusations.

37. As a result of the Defendants' actions and failure to act and as a result of their failure to provide disability access, Plaintiff has suffered denial of her civil rights, physical, psychological and emotional discomfort, pain and suffering and denial of her rights to full and equal access to public facilities, all to her general and statutory damages.

38. As a result of the above facts the Plaintiff was denied her civil rights, was embarrassed, humiliated and was denied full and equal access to the School solely on the basis that she was physically disabled.

39. On November 29, 1999, the Metrowest Center for Independent Living ("Metrowest Center") filed with the United States Department of Education,

Region I, Office of Civil Rights a fourteen page summary report detailing the inaccessibility of the School. The report found extensive non-compliance with school accessibility, non-compliance with the ADA and noncompliance with Section 504. A copy of the Metrowest Center report is attached hereto as Exhibit A.

40. As a result of this report, Robert L. Pierce, Program Manager of the United States Department of Education, Office of Civil Rights ("OCR"), wrote a letter to Mr. Paul W. Spooner, author of the report at Metrowest Center on May 24, 2000. In this letter Mr. Pierce detailed his conclusions that there were numerous non-compliances found with the School including lack of access to the building, no accessible men's or ladies rest rooms, no tactile signage, no accessible water fountains, that the ramp between the upper and lower levels of the library is inaccessible, that the rise of the second floor corridor between the science laboratory and the section of the main building exceeds the minimum rise of 1:12, and that the opening force in each door exceeds eight pounds. A copy of this letter is attached as Exhibit B.

41. In his letter Mr. Pierce represents that OCR has agreed to allow the district to provide an aide to any high school student (the Plaintiff) who is ... ng a wheelchair to assist her until such time as a chair lift is installed. The letter stated that this arrangement is a temporary arrangement.

42. Notwithstanding this arrangement between OCR and Natick, Plaintiff is not being provided equal access to the facilities, programs and activities conducted at the School.

43. On May 2, 2000, counsel for the Plaintiff wrote a certified letter to Dr. Barry Parker, Principal of Natick High School, addressing, among other issues

Plaintiff's formal request that she be transferred and transported at Natick's expense to Medfield High School ("Medfield") commencing in the fall of 2000 for the remainder of her high school academic career. Medfield, unlike the School, is more accessible and meets the relevant federal and state statutes and regulations concerning accessibility. To date, counsel for the Plaintiff has received no response to this transfer request from either Dr. Parker or counsel for Natick.

44. Not withstanding Plaintiff's request for an accessible education, Plaintiff was confronted at the commencement of the school year, on September 9, 2000, with an inaccessible class advisor, an inaccessible Driver's Education program, the need to change rooms for accessibility, the need to be pushed up or down dangerous and inaccessible ramps by school personnel, and complaints from school personnel about the extra work required to accommodate her.

## VI.   CLASS ALLEGATIONS

45. This action is brought on behalf of the Plaintiff and on behalf of all persons similarly situated. The class which their individual Plaintiff represents is composed of all persons, including all students or other persons residing in Natick or attempting to access the School who have physical disabilities and who have been denied the right of full and equal access to and the use and enjoyment of the subject facilities due to disability access violations.

46. Persons in this class are so numerous, that joinder of all such persons is impractical, and the disposition of their claims herein in a class action is of benefit to all parties and to the court.

47. There is a well defined community of interest in the questions of law and fact involved affecting the parties to be represented in that they were all denied their civil rights to full and equal access to, and use and enjoyment of, the facilities operated by the Defendants due to the lack of disability access required by law.

48. Common questions of law and fact predominate in the claims of the named Plaintiff and are typical of the class. The Plaintiff will fairly and adequately represent the needs of the class.

### FIRST CLAIM:
### VIOLATION OF THE AMERICAN WITH DISABILITIES ACT
### 42 U.S.C. §§12101, et seq.

49. Plaintiff incorporates by reference herein the allegations in paragraphs one through forty-eight inclusive.

50. Defendants' acts and omissions alleged herein have violated the Americans With Disabilities Act, 42 U.S.C. §§12101, et seq., and the regulations promulgated thereunder, 28 C.F.R. Part 35, et seq.

51. Defendants' conduct constitutes ongoing and continuous violations of ADA and, unless restrained from doing so, defendants will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief pursuant to §308 of the ADA (42 U.S.C. §12188).

WHEREFORE, Plaintiff requests relief as set forth below.

### SECOND CLAIM:
### VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. §§794 et seq.

52. Plaintiff incorporates by reference herein the allegations in paragraphs one through fifty-one inclusive.

53. Defendants' acts and omissions as alleged herein are in violation of 29 U.S.C. §794 et seq., and the regulations promulgated thereunder, 34 C.F.R. Pt. 104 et seq. Defendants are the direct recipients of federal funds sufficient to invoke the coverage of §504, and are unlawfully discriminating against the Plaintiff on the sole basis of disability.

54. Plaintiff Anjali Forber-Pratt is a qualified individual with a disability. Solely by reason of her disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full and equal access to the facilities, programs and activities offered by defendants.

WHEREFORE, Plaintiff requests relief as set forth below.

### THIRD CLAIM:
### MASSACHUSETTS G.L. CH. 93 §103, AND ARTICLE CXIV OF THE AMENDMENTS TO THE MASSACHUSETTS CONSTITUTION

55. Plaintiff incorporates by reference herein the allegations in paragraphs one through fifty-four inclusive.

56. Massachusetts General Law 93, Section 103 provides that "[A]ny person within the Commonwealth, regardless of age or handicap...shall, with reasonable accommodations shall have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property including but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution." Article CXIV of the Massachusetts Constitution provides that "[n]o other qualified handicapped individual shall,

solely by reason of his handicap, be excluded from the participation, denied the benefits of, or be subjected to discrimination under any program or activity in the Commonwealth."

57. Through acts and omissions described here and above, and denying the Plaintiff full and equal access to the School, the Defendants have violated the provision of the Massachusetts General Law 93, Section 103 and denied the Plaintiff her rights secured under Article CXIV of the Massachusetts Constitution.

58. To prevent this continuing ongoing violation of her rights, the Plaintiff seeks injunctive and other appropriate and equitable relief, as described below, as well as compensatory and exemplary damages, litigation costs and reasonable attorney's fees.

WHEREFORE, Plaintiff requests relief as requested below.

### FOURTH CLAIM: NEGLIGENCE

59. Plaintiff incorporates be reference herein the allegations in paragraphs one through fifty-eight inclusive.

60. Defendants had a duty to exercise ordinary care.

61. Defendants failed to exercise ordinary care. Defendants negligently failed to fulfill their mandatory, statutory duties under the Americans With Disabilities Act of 1990, and the regulations promulgated thereunder, Section 504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder, Massachusetts General Law, Chapter 93, §103 and the Massachusetts Constitution.

62. As an actual and proximate result of the Defendants' failure to exercise ordinary care and comply with its mandatory and statutory duties, the Plaintiff

has suffered damages in an amount to be determined by proof.

WHEREFORE, Plaintiff requests relief as set forth below.

### FIFTH CLAIM:
### VIOLATION OF EQUAL PROTECTION AND DUE PROCESS
### 42 U.S.C §1983

63. Plaintiff incorporates by reference herein the allegations in paragraphs one through sixty-two inclusive.

64. The Plaintiff is a citizen of the United States. Under color of state law, the defendants are effectively denying the Plaintiff accessible public school facilities and have adopted the policy of discrimination based solely upon the physical disability of the Plaintiff. The policies and practices of the Defendants have resulted in the Plaintiff being denied due process and equal protection in violation of the equal protection and due process clauses of the United States Constitution.

65. Disabled persons are a discrete and insular minority, subject to a history of discrimination, segregation, vulnerable to and not fully protected by the political process, such that discrimination between disabled and non-disabled persons is a suspect classification. Disabled persons have a right to be included in the full range of public facilities available to members of the public at the School, including other students, faculty, visitors and administrators. Any of these persons may be physically disabled and require accessible facilities in order to participate on the same basis as a non-disabled person in the multiple activities that make up the School's operation.

66. Plaintiff has no adequate remedy at law and unless the relief requested herein is granted, she, and the class of disabled persons who have cause to use any of

the School facilities, will suffer irreparable harm in that their fundamental rights to accessible sanitary facilities, educational classrooms, library facilities, and other facilities, programs and activities necessarily connected with attendance at public high school will continue to be denied and abridged.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that this court:

1. Issue a preliminary and permanent injunction directing the Defendants as current owners and/or operators of the School to modify the above described facility so that it provides adequate access to the Plaintiff and all citizens including persons with disabilities;

2. Issue a preliminary or permanent injunction directing the Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, which provide full and equal access as required by law. In the event that it is impossible for Defendants to make such accessibility a reality, Plaintiff requests that the court order her transferred to an accessible high school e.g Medfield High School, where she can receive a high school education free of the discriminatory practices which to date have colored her high school experience at the School;

3. To retain jurisdiction over the Defendants until such time as the court is satisfied by the defendants unlawful policies, practices, acts and omissions and maintenance of accessible public facilities complained hereof are no longer complained hereof and will no longer occur and will not recur;

4. Award the Plaintiffs all appropriate damages including, but not limited to, statutory damages general damages, special damages in an amount within the jurisdiction of the court according to proof;

5. Award the Plaintiff all litigation expenses and costs of this proceeding and all reasonable attorney's fees as provided by law; and

6. Grant such other and further relief as this court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on issues so triable.

                              Anjali Forber-Pratt, Rosalind
                              Forber and Larry Pratt,
                              by their attorneys

CLARK, HUNT & EMBRY

_____
David G. Hanson (549283)
William J. Hunt (244720)
Henry W. Clark (554464)
Michael B. Newman (632222)
17 Monsignor O'Brien Highway
Cambridge, MA 02141
Tel. (617) 723-5705